UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJUAN THORNTON-BEY,

       Plaintiff,                        CIVIL ACTION NO. 11-13787

      v.                                DISTRICT JUDGE DAVID M. LAWSON

COMERICA BANK,                 MAGISTRATE JUDGE MARK A. RANDON

       Defendant.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 13) AND TO GRANT DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT (DKT. NO. 18)

Plaintiff DeJuan Thornton-Bey ("Plaintiff") is a federal prisoner proceeding *pro se*.[1] Plaintiff sued Defendant Comerica Bank ("Comerica") under 42 U.S.C. § 1983 alleging, generally, that Plaintiff inherited a Comerica bank account from his grandmother, Ms. Rosetta Harris. Plaintiff seeks a court order permitting him to access this account.

---

[1] Although not directly relevant to the disposition of this case, it bears noting that Plaintiff is a prolific filer a frivolous federal lawsuits. *See, e.g., Thornton-Bey v. Adm. Office of U.S. Courts, et al.*, No. 10-cv-01546-UNA (D. D.C. Aug. 31, 2010) (dismissed for failure to state a claim), *aff'd*, No. 10-5351 (D.C. Cir. Oct. 4, 2011) (summarily affirmed); *Thornton-Bey v. Adm. Office of U.S. Courts, et al.*, No. 09-cv-00958-UNA (D. D.C. May 7, 2009) (dismissed for failure to state a claim, counts as a strike under § 1915(g)); *Thornton-Bey v. Obama*, No. 08-cv-01430-UNA (D. D.C. Sept. 4, 2008) (dismissed pursuant to 28 U.S.C. § 1915A(a)-(b) – seeks money relief from a defendant who is immune from such relief); *Thornton-Bey v. Darrah, et al.*, No. 06-cv-00491 (N.D. Ill. May 15, 2006) (dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim), *appeal dismissed*, No. 06-3219 (7th Cir. Feb. 15, 2007). Indeed, a District Court in Colorado recently found that Plaintiff was subject to filing restrictions under § 1915(g) (*i.e.*, Plaintiff filed more than three actions in a court of the United States while he was incarcerated that were dismissed as frivolous or for failure to state a claim. *See Thornton-Bey v. Davis*, Case No. 1:11-cv-02927-BNB (D. Co. Jan. 25, 2012) (Dkt. 10).

Judge David M. Lawson referred all pretrial matters to this Magistrate Judge (Dkt. No. 11).[2] Presently before the Court is Plaintiff's motion for summary judgment (Dkt. No. 13), Comerica's counter-motion for summary judgment[3] (Dkt. No. 18) and Plaintiff's "emergency motion to respond to summary judgment motion," which is actually Plaintiff's response to Comerica's counter-motion for summary judgment (Dkt. No. 20). For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Comerica's counter-motion for summary judgment be **GRANTED** and that Plaintiff's case be **DISMISSED, WITHOUT PREJUDICE**.

## I.  FACTS

Plaintiff's Complaint (Dkt. No. 6) consists of a single handwritten page that reads as follows:

Complaint<br>42 USC 1983

Plaintiff has an account at the Defendant Comerica Bank under the full name cited above an (sic) state:

1. Rosetta Harris who passed 2-2010 designated petitioner her grandson beneficiary of her accounts at Comerica Bank and petitioner seeks court order to access those accounts.

---

[2] On September 8, 2011, before referring the case to this Magistrate Judge for all pre-trial proceedings, Judge Lawson issued an order to show cause (Dkt. No. 3), directing Plaintiff to explain why this case should not be dismissed for failure to pay the filing fee or to request *in forma pauperis* status. Plaintiff responded (Dkt. No. 4) to the show cause order, asking that the filing fee be withdrawn from the disputed Comerica bank account. Judge Lawson then held that the Court could not withdraw the filing fee from the disputed Comerica bank account, and dismissed Plaintiff's case without prejudice (Dkt. No. 5). Plaintiff then filed a second Complaint (identical to the first Complaint) (Dkt. No. 6) and a "motion to proceed pursuant to 28 U.S.C. § 1915" (Dkt. No, 7), in other words, to proceed *in forma pauperis*. Judge Lawson then vacated the order dismissing Plaintiff's case (Dkt. No. 9) and granted Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 10).

[3] Comerica's counter-motion for summary judgment is contained in Comerica's response to Plaintiff's motion for summary judgment.

      2. Plaintiff request the court order defendant give the plaintiff and his cousin Sherita Wilson of 4843 Davis Street, Skokie ILL 60077 (847) 639-7276/329-7276 access to his account at Comerica Bank.

      3. ORDER the defendants to send plaintiff $200.00 dollars from his account to Federal Bureau of Prison – DeJuan B. Thornton-Bey #20791-424 – P.O. Box 474701 Des Moines, Iowa 50947-0001.

The facts contained in Plaintiff's Complaint alone are enough for the disposition recommended below.

## II. ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the

moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn, et al.* 183 F.3d 477, 479 (6th Cir. 1999). *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously unsubstantial claims).

When reviewing *pro se* papers, the court must employ standards less stringent than if the complaint had been drafted by counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Pro se plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E.D. Mich. 2006) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

### B. *Comerica Is Not A State Actor*

Comerica's first argument in its motion for summary judgment is that Plaintiff cannot state a viable § 1983 claim against Comerica because Comerica is not a "state actor" (Dkt. 18; Def.'s Br. at 2-5). This argument is well-taken.

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must set forth those facts that – when construed in his favor – clearly establish: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) [that has been] caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff does not allege in his Complaint that Comerica acted under color of state law. It is undisputed that Comerica is not a governmental entity (Dkt. No. 18; Ex. 2 ¶ 2). There are limited circumstances where a private party can be sued under § 1983, but none appear applicable to Plaintiff's allegations. For instance, "[a] private party's actions constitute state action ... where those actions may be 'fairly attributable to the state.'" (*Chapman v. Higbee*, 319 F.3d 825, 833 (6th Cir. 2003) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982)). The Sixth Circuit has recognized three tests to determine whether a private party may be considered to be a state actor: to wit, (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *Id.*

Under the public function test, "a private party is deemed [to be] a state actor if he or she exercised powers traditionally reserved exclusively to the state." *Id.* This test has been narrowly interpreted, and has only been found for such functions as holding elections, exercising eminent domain, and operating a company-owned town. *Id.* (citations omitted). Under this test, "the [c]ourt conducts a historical analysis to determine whether the party has engaged in an action traditionally reserved to the state, and the plaintiff bears the burden of making that showing." *Reguli v. Guffee*, 371 Fed. App'x. 590, 600 (6th Cir. 2010) (citation and internal quotation marks omitted). Comerica's handling of the bank account that Plaintiff allegedly inherited from his

grandmother cannot reasonably be equated to "powers traditionally reserved exclusively to the state." As such, Plaintiff's claims cannot fit under the public function test.

The state compulsion test "requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (citations omitted). It is insufficient for an aggrieved party to assert that the state merely approved of or acquiesced in the private party's actions. *Id.* Rather, the plaintiff must "allege and prove that state officials coerced or participated" in the private party's decision-making. *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007). There is no allegation that some state actor coerced Comerica in this matter. Thus, Plaintiff cannot meet the state compulsion test.

Finally, under the nexus test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *S.H.A.R.K. v. Metro Parks Serving Summit Co.*, 499 F.3d 553, 565 (6th Cir. 2007). In order to meet this burden, an aggrieved plaintiff must "demonstrate[ ] that the state is intimately involved in the challenged private conduct." *Wolotsky*, 960 F.2d at 1335. Again, there is no allegation by Plaintiff that there was some nexus between a state actor and Comerica. Thus, Plaintiff does not state a claim that would satisfy the nexus test.

Because Comerica cannot be deemed to be a state actor under any of the relevant tests, Plaintiff's § 1983 claim against Comerica fail to state a claim and should, therefore, be dismissed. It should be noted that Plaintiff's response (Dkt. No. 20) to Comerica's motion for summary judgment attempts to clarify that his claim is actually a "4th Amendment rights

violation illegal seizure of PROPERTY," (Dkt. No. 20 ¶ 5) and that this Court has jurisdiction under 28 U.S.C. 1331 (which is merely the statute authorizing federal question jurisdiction). However, "Fourth Amendment claims are wholly inapplicable to actions committed by private citizens or entities" such as Comerica. *Bennett v. Flagstar Bank*, Case No. 07-10968, 2007 WL 2156298 *4 (E.D. Mich., July 25, 2007) citing *United States v. Grant*, 920 F.2d 376, 391 (6th Cir. 1991).

### C. The Court Has No Jurisdiction Over Plaintiff's Remaining Claim(s)

Having found that Plaintiff fails to state a claim under § 1983, this Court now must review Plaintiff's claim(s) to determine whether this Court has jurisdiction over the remainder of Plaintiff's Complaint. "'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute ... which is not to be expanded by judicial decree.'" *Freeland v. Liberty Mut. Life Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Pursuant to this authority, federal courts have the power to adjudicate claims "arising under the Constitution, laws, or treaties of the United States" or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332; *see also* U.S. Const. art. III, § 2.

This Magistrate Judge is unaware of any federal question jurisdiction concerning Comerica's alleged handling of an inherited bank account. That leaves diversity jurisdiction. Although not pled by Plaintiff in the Complaint, it appears that the parties' citizenship is, indeed, diverse. The docket reveals that Plaintiff is currently housed in the United States Maximum

Security prison in Florence, Colorado. Comerica is a Texas banking association. Thus, there appears to be complete diversity of citizenship between Plaintiff and Comerica.

However, the amount in controversy is insufficient to enable this Court to exercise diversity jurisdiction over Plaintiff's lawsuit. Diversity jurisdiction requires the amount in controversy to "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Plaintiff's Complaint does not allege how much money is in the disputed bank account. Plaintiff's Complaint merely requests that Comerica send $200 from the disputed bank account to his prison account (Dkt. 6; Compl. ¶ 3). This bare allegation is simply not enough to implicate this Court's diversity jurisdiction. Thus, it appears that any claim Plaintiff might have against Comerica is a claim that should be filed in a state court of appropriate jurisdiction. This Court does not pass any judgement on the validity (or lack thereof) of any potential state claim that Plaintiff may have. However, this Magistrate Judge finds that this Court simply lacks jurisdiction over any such claim.

Pursuant to 28 U.S.C. § 1367(c)(3), a District Court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Taylor v. First of America Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Since Plaintiff has failed to state a valid § 1983 claim, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's remaining claim(s) and instead dismiss Plaintiff's Complaint without prejudice so that Plaintiff may file any claim(s) he may have against Comerica in an appropriate state forum.

### III. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED** and that Plaintiff's case be **DISMISSED, WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

    s/Mark A. Randon  
MARK A. RANDON  
UNITED STATES MAGISTRATE JUDGE

Dated: March 15, 2012

## *CERTIFICATE OF SERVICE*

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 15, 2012.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*